

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FERNANDO A. OJEA, M.D., | ) |
| Plaintiff, | ) No. 07 C 3635 |
| v. | ) Judge John W. Darrah |
| MAZDA MOTOR CORPORATION, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Fernando A. Ojea, M.D., filed suit against Defendant, Mazda Motor Corporation, Inc. ("Mazda"), asserting strict products liability and negligence. Presently pending before this Court is the Defendant's Motion to Quash Service of Summons.

This action was originally filed on January 19, 2007, in the Circuit Court of Cook County, Illinois. The Clerk of the Court in the Circuit Court of Cook County issued a Fourth Alias Summons on April 30, 2007. Ojea attempted to serve Mazda at the office of the registered agent for Mazda in Chicago, Illinois; but service was refused. Immediately thereafter, Ojea utilized Legal Language Services, a provider of service on foreign defendants, to serve Mazda abroad through the Japanese Central Authority, pursuant to the Hague Convention. Mazda received service on June 19, 2007. This matter was subsequently removed to this Court on June 28, 2007.

Mazda seeks to quash service of the summons, arguing that under Illinois Supreme Court Rule 102(b), which requires summons to be served within thirty days of its date, the summons is not valid because Mazda received service fifty days after the date the summons was issued.

In ruling on this motion, the Court must apply Illinois State law to conduct that occurred while the action was in State court. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001); *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986). Service of the Summons and Complaint was effectuated while this action was pending in the Circuit Court of Cook County; thus, Illinois state law is applied.

Illinois law requires that summons be served within thirty days of issuance. Ill. Sup. Ct. R. 102(b). In this case, the summons was issued on April 30, 2007. Mazda did not receive the summons until June 19, 2007, twenty days after the summons had expired. Illinois law does not provide for any exceptions to the thirty-day time limit nor any means by which the time may be extended. Thus, proper service was not effectuated upon Mazda under Illinois law. In order to ensure evenhanded administration of the law, Federal courts must strictly adhere to state rules of procedure, regardless of whether the court believes those rules to be optimal. *McMasters v. United States*, No. 98 C. 6413, 2000 WL 336549 (N.D. Ill., March 28, 2000). Illinois law carves out no exception to the thirty-day rule.[1]

Ojea argues that the Hague Service Convention applies in this case and preempts state law; therefore, the thirty-day time limit for service does not apply. The scope of the Hague Service Convention is defined in Article 1. "The present Convention shall apply in all cases . . . where

---

[1] The difficulties a plaintiff may encounter when serving a defendant abroad within the time limit imposed by Illinois law raises the issue of whether there may be an exception to the thirty-day time limit when a plaintiff is required to serve a defendant through a central authority under the Hague Service Convention. Several other jurisdictions have addressed this issue. *See e.g., Prom v. Sumitomo*, 228 Wis. 2d 168 (1999); *Broad v. Mannesmann Anlagenbau*, 141 Wash. 2d 670 (2000); *Paracelsus Healthcare v. Philips Medical Systems*, 384 F.3d 492 (2004); *Kulpa v. Jackson*, 773 N.Y.S. 2d 235 (2004). The Illinois Supreme Court has not yet addressed this problem either by case decision or re-examination of Supreme Ct. R. 102.

there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361; *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694 (1988). Clearly, the Hague Service Convention applies in this case as the summons was in fact transmitted to Mazda abroad. However, while the Hague Service Convention establishes the method of service of process abroad, it does not establish a time limit for service of process. Federal law preempts state law only to the extent that the state law conflicts with the federal law. *Edgar v. Mite Corp,* 457 U.S. 624 (1982). Because there is no conflict between the provisions of the Convention and the thirty-day time limit imposed under Illinois law, the time limit for service under Ill. Sup. Ct. R. 102(b) is not preempted and applies in this case.

For the foregoing reasons, Defendant's Motion to Quash Service of Summons is granted.

Dated October 18, 2007

JOHN W. DARRAH
United States District Court Judge